JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Antione Brown appeals from his conviction on one count of possession of drugs, a violation of R.C. 2925.11(A). In this appeal, he challenges the sufficiency and the weight of the evidence showing that he possessed drugs found in his presence. We find no merit to either argument and affirm.
 {¶ 2} The state's only witness was the arresting officer. He testified that he and his partner had been on evening patrol in a marked police cruiser when they saw a group of six to ten males playing dice on the sidewalk. They turned off their headlights and tried to approach the game undetected, but the players saw the cruiser and scattered. The officer said that appellant did not run, but walked very quickly away from him on the sidewalk. The officer exited the cruiser and three times ordered appellant to stop. Instead of stopping, appellant turned onto the lawn of the house adjacent to the sidewalk. He did not break his stride as he did so. Fearing that appellant would not stop, the officer trained the laser sight of his taser on appellant's chest. As the officer did so, appellant slowly turned toward the officer and saw the laser point on his chest. The officer ordered appellant to the ground and arrested him. The officer directed his partner to search the area where appellant had walked. The partner found a small plastic bag containing one rock of crack cocaine.
 I {¶ 3} Appellant first argues that the state failed to offer sufficient evidence from which the jury could find him guilty of possession of drugs. He maintains that the arresting officer conceded that he did not see appellant drop anything, even though he had him in sight the entire time. Absent a visual sighting of him dropping the bag, appellant argues that the state could not prove that he actually possessed the bag.
 {¶ 4} When considering the sufficiency of evidence supporting a conviction, we view the evidence in a light most favorable to the state to determine whether the state presented evidence showing all the elements of the offense. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus, citing Jackson v.Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 5} To prove the offense of possession of drugs pursuant to R.C.2925.11(A), the state had to show that appellant knowingly possessed a controlled substance. The state submitted a laboratory report showing that the bag contained crack cocaine. Appellant did not question this finding. Moreover, appellant made no argument relating to the requisite mental state for the offense. The only issue on appeal is whether appellant possessed the crack cocaine.
 {¶ 6} R.C. 2925.01(K) defines possession as "* * * having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession is considered a voluntary act "if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D) (1).
 {¶ 7} Possession can be actual or constructive. State v. Haynes
(1971), 25 Ohio St.2d 264, 267 N.E.2d 787. Actual possession entails ownership or physical control, whereas constructive possession is defined as "knowingly exercising dominion and control over an object, even though [the] object may not be within his immediate physical possession." State v. Hankerson (1982), 70 Ohio St.2d 87,434 N.E.2d 1362, syllabus; State v. Messer ( 1995), 107 Ohio App.3d 51, 56,667 N.E.2d 1022.
 {¶ 8} The state may show constructive possession of drugs by circumstantial evidence alone. State v. Trembly (2000),137 Ohio App.3d 134, 141, 738 N.E.2d 93. Circumstantial evidence is defined as "[t]estimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved. * * *" State v.Nicely (1988), 39 Ohio St.3d 147, 150, 529 N.E.2d 1236, quoting Black's Law Dictionary (5Ed. 1979) 221. It possesses the same probative value as direct evidence, being indistinguishable so far as the jury's fact-finding function is concerned. State v. Jenks,61 Ohio St.3d at 272. All the jury need do is weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt. Id.
 {¶ 9} We find that a reasonable trier of fact could have found that the state proved possession beyond a reasonable doubt. The officers found the bag directly on the path that appellant took as he walked on the lawn. The officer found it highly suspicious that appellant chose to walk on the lawn, as he could have complied with the order to stop without leaving the sidewalk. Although the officer did not see appellant drop the plastic bag, he said that there was no evidence to suggest that the bag had been on the ground for any length of time. In fact, he told the jury that the high drug activity in the neighborhood made it highly unlikely that any bag containing crack cocaine would remain unclaimed either by its owner or an opportunistic passerby.
 {¶ 10} All of this circumstantial evidence pointed directly at appellant. He had a motive to drop the bag as he was about to be arrested for participating in the dice game. He had the opportunity to drop the bag as he crossed the lawn moving away from the officer while darkness concealed his hand movements from the officer.
 {¶ 11} It bordered on the unbelievable to think that someone had abandoned a bag of crack cocaine on a residential lawn and that appellant had the bad luck to walk in the path directly over it. It would likewise require the jury to assign no significance to appellant's refusal to stop as ordered, and veer off the sidewalk onto a residential lawn. These facts were too incriminating to be the product of mere coincidence. A rational trier of fact could have found from this circumstantial evidence that appellant possessed the drugs and discarded them prior to being stopped by the police.
 II {¶ 12} Appellant next argues that the verdict was against the manifest weight of the evidence. Relying on the same arguments he offered in support of his contention that there was insufficient evidence to establish that he possessed the drugs, he claims the jury lost its way in finding him guilty.
 {¶ 13} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, paragraph two of the syllabus. By reincorporating his argument relating to the sufficiency of the evidence into his argument on the weight of the evidence, appellant has failed to set forth an independent argument as required by App.R. 16(A)(7). We therefore decline to address it.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR.