JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Willie Jackson, appeals from the decision of the Cuyahoga County Court of Common Pleas denying his motion to suppress, as well as his conviction and forfeiture. Finding no merit to Jackson's appeal, we affirm.
 {¶ 2} On February 8, 2006, Detective Gregory Drew from the Cleveland Metropolitan Housing Authority ("CMHA") was on patrol with his partner Detective Kerry Blakemore. They were patrolling the King Kennedy Estates of CMHA when Det. Drew observed Jackson driving a 2005 Dodge Charger out of a CMHA parking lot onto East 59th Street. Jackson made eye contact with Det. Drew. Det. Drew testified that Jackson had a surprised look on his face and then drove off at a high rate of speed.
 {¶ 3} The officers followed Jackson and saw him "blow through" two stop signs. Det. Drew activated his lights and siren as Jackson pulled into a different CMHA parking lot, nearly hitting another vehicle. Jackson stopped the car, jumped out, ran to a residence, and pounded on the door. The car was still running, and the driver's side door was left open.
 {¶ 4} Det. Drew exited his vehicle and ordered Jackson to stop. Jackson turned around with his hands up. He had two large bulges in his pants pockets and a plastic baggy in one hand. Jackson was patted down for officer safety. The bag contained marijuana. Jackson was arrested for (but not charged with) operating a motor vehicle while in possession of marijuana in violation of Cleveland Codified Ordinance 619.23(C), a misdemeanor of the first degree. *Page 4 
 {¶ 5} In the meantime, Det. Blakemore had removed the passenger from the car, who admitted to having a bag of marijuana on him. He was handcuffed and placed in the back of the zone car.
 {¶ 6} After placing Jackson in the zone car, Det. Drew returned to the Dodge Charger to turn the engine off and process it for towing. While approaching the vehicle, Det. Drew observed a plastic baggy with crack cocaine sticking out of the driver's side door pocket. Det. Drew inventoried the car and found more than $7,000 in cash in a bag in the center console. The cash was bundled with rubber bands in $1,000 increments. More than $2,000 in cash was removed from Jackson's pants pockets. The cash was bundled the same way as the $7,000. The cash was in small denominations: twenties, tens, fives, and ones.
 {¶ 7} An employee from Thrifty Car Rental testified that the Dodge Charger was rented two hours prior to Jackson's arrest.
 {¶ 8} Jackson was charged with possession of crack cocaine, a felony of the second degree; trafficking crack cocaine, a felony of the second degree; and possession of criminal tools (money), a felony of the fifth degree. A hearing was held on Jackson's motion to suppress. After the denial of his motion, Jackson proceeded to jury trial. Jackson was found guilty of all three charges.
 {¶ 9} Jackson appealed, advancing six assignments of error for our review.
 {¶ 10} "I. The trial court erred in denying the appellant's motion to suppress."
 {¶ 11} Appellate review of a suppression ruling involves mixed questions of law and fact. See State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372. When ruling *Page 5 
on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court must accept the trial court's findings of fact as true if they are supported by competent and credible evidence.Burnside, supra, at ¶ 8. But the appellate court must then determine, without any deference to the trial court, whether the facts satisfy the applicable legal standard. Id.
 {¶ 12} In this assignment of error, Jackson argues that the stop of his vehicle was unlawful. He alleges that the detective's testimony regarding the reason for the stop was not credible. We disagree.
 {¶ 13} The law governing investigative stops of automobiles is clear. The Fourth and Fourteenth Amendments to the United States Constitution, as well as Section 14, Article I of the Ohio Constitution, prohibit any governmental search or seizure unless supported by an objective justification. Terry v. Ohio (1968), 392 U.S. 1, 20-21; State v.Andrews (1991), 57 Ohio St.3d 86, 87. Thus if the specific and articulable facts indicate to the officer that the driver of an automobile may be committing a criminal act, or if the officer has observed what he believes to be a traffic violation, then the officer can justifiably make an investigative stop. Dayton v. Erickson,76 Ohio St.3d 3, 9, 1996-Ohio-431. The reasonableness of a traffic stop does not depend on the motive of the police officer making the stop. Whren v.U.S. (1996), 517 U.S. 806, 813. *Page 6 
 {¶ 14} A review of the record reveals that Jackson was driving recklessly and did not stop at two stop signs. The record supports the trial court's view that Det. Drew's testimony was credible and Jackson's was not. Therefore, the stop of Jackson's vehicle was lawful.
 {¶ 15} Jackson also argues that the search of his vehicle was not incident to a lawful arrest. Again, we disagree.
 {¶ 16} The testimony established that Jackson stopped his vehicle, jumped out of the car, and ran to the door of a residence. He was ordered to stop and put his hands on his head, which he did. When Det. Drew placed his hands over Jackson's hands, he felt the bag of marijuana clenched in Jackson's hand. Jackson was placed under arrest for operating a motor vehicle while possessing a controlled substance in violation of Section 619.23(C) of the Cleveland Codified Ordinance, which is a misdemeanor of the first degree. Jackson was under lawful arrest because misdemeanors committed in the presence of a police officer are arrestable offenses pursuant to R.C. 2935.03.
 {¶ 17} After placing Jackson under arrest, Det. Drew returned to Jackson's car to turn the engine off and to secure the vehicle. The car was going to be inventoried and towed pursuant to CMHA policy. Nevertheless, upon approach Det. Drew saw a plastic baggy, in plain view, sticking out of the driver's side door pocket. It contained a large rock of crack cocaine. Det. Drew secured and searched the vehicle, finding more than $7,000 in cash in a bag in the center console of the vehicle. *Page 7 
 {¶ 18} It is well settled that a warrantless search of an automobile is constitutional if there is probable cause to believe that a vehicle is carrying evidence of a crime. State v. Lang (1996),117 Ohio App.3d 29, citing Michigan v. Thomas (1982), 458 U.S. 259. See, also, State v.Alexander, Cuyahoga App. No. 83848, 2004-Ohio-3735. When probable cause is found to exist under the facts and circumstances of a given case, law enforcement officers have the necessary constitutional justification to explore any areas in the vehicle, such as locked trunks and glove compartments, that may reasonably contain the object of their search. Id., citing State v. Baker (Jan. 30, 1987), Hamilton App. No. C-860017.
 {¶ 19} We find that Jackson was under lawful arrest. Further, we find that the crack cocaine was in plain view, giving the officer probable cause to search the vehicle, including the center console. We also note that Det. Drew's search of the vehicle was valid pursuant to the CMHA's towing policy. Jackson's first assignment of error is overruled.
 {¶ 20} "II. The indictment for possessing criminal tools failed to contain the culpable mental [state] * * * which constitutes structural error requiring the conviction to be vacated and the charge dismissed."
 {¶ 21} Jackson argues that his conviction for possessing criminal tools is invalid under State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624, because the indictment stated "with purpose" instead of "purposely," and thus did not include a culpable mental state in the indictment. *Page 8 
 {¶ 22} We find no merit to this argument. R.C. 2923.24 provides that "no person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." (Emphasis added.)
 {¶ 23} In State v. Gardner, 118 Ohio St.3d 420, 441, 2008-Ohio-2787, the Ohio Supreme Court stated "the culpability element resides in the phrase `with purpose to commit * * * any criminal offense.' R.C. 2911.11(A). The mens rea for aggravated burglary, therefore, is purpose. Purpose and intent are synonymous. White v. Maxwell (1963),174 Ohio St. 186, 188, 22 O.O.2d 140, 187 N.E.2d 878. `A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.' R.C. 2901.22(A)." See, also, State v. Davis, Cuyahoga App. No. 90050,2008-Ohio-3453.
 {¶ 24} "With purpose" is a culpable mental state that puts Jackson on sufficient notice of the charges against him. Accordingly, Jackson's second assignment of error is overruled.
 {¶ 25} "III. The trial court erred when it denied appellant's motion for acquittal under Crim. R. 29 because the state failed to present sufficient evidence to establish beyond a reasonable doubt the elements necessary to support the convictions."
 {¶ 26} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements *Page 9 
of the crime proven beyond a reasonable doubt.'" State v. Leonard,104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 27} First, Jackson argues that there was no evidence that he knew or had reasonable cause to believe that the crack cocaine found in the door panel was intended for sale or resale to another person, and therefore the evidence insufficient to prove trafficking under R.C. 2925.03(A)(2).
 {¶ 28} Circumstantial evidence and direct evidence inherently possess the same probative value, and in some instances certain facts can be established only by circumstantial evidence. State v. Jenks (1991),61 Ohio St.3d 259, 272. "Circumstantial evidence" is the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind. State v. Golden, Cuyahoga App. No. 88651, 2007-Ohio-3536, citing State v. Duganitz (1991),76 Ohio App.3d 363.
 {¶ 29} In this case, the record reflects that Jackson had $2,000 in cash, in $1,000 bundles, stuffed in his pants pockets, as well as $7,000, in $1,000 bundles, in a bag in the console of the vehicle. The money was in small denominations: twenties, tens, fives, and ones. Also, there was a rock of crack cocaine weighing 23.77 grams discovered in the driver's side door pocket. Det. Drew testified that in his experience (eight-year veteran, more than 1,000 drug arrests, and contact with *Page 10 
drug offenders), the rock of crack cocaine was worth $1,000 on the street if sold in one piece, but worth approximately $4,000 if cut up and sold as "$20 rocks."
 {¶ 30} After viewing the evidence in a light most favorable to the state, we find that any rational trier of fact could find that Jackson knew that the crack cocaine was intended for sale or resale. The jury could reasonably infer from the large sum of money, bundled in increments of $1,000, in small denominations, that Jackson planned to sell the crack cocaine, worth approximately $1,000, either as is or cut up into $20 rocks.
 {¶ 31} Next, Jackson argues that there is no evidence that he possessed the crack cocaine or the money in the console of the car.
 {¶ 32} Possession is defined as having "control over a thing or substance," but it may not be inferred, however, solely from "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession can be actual or constructive. State v. Wolery (1976),46 Ohio St.2d 316, 329. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, at the syllabus.
 {¶ 33} The evidence adduced at trial was that Jackson was the driver of the vehicle. The crack cocaine was found in the driver's side door pocket. The money in the center console was divided up and bundled in the same manner as the money found in Jackson's pockets. After viewing the evidence in a light most favorable to *Page 11 
the prosecution, we find that any rational trier of fact could find that Jackson was in constructive possession of the crack cocaine and the money in the console. Accordingly, Jackson's third assignment of error is overruled.
 {¶ 34} "IV. The trial court erred by allowing Officer Drew to offer hearsay testimony as to the value of the contraband."
 {¶ 35} Under this assignment of error, Jackson contends that the record does not establish that Det. Drew had the requisite knowledge to testify to the value of the crack cocaine. Jackson insists that the detective's testimony was hearsay.
 {¶ 36} The trial court has broad discretion in the admission or exclusion of evidence. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of syllabus. Absent an abuse of discretion and a showing of material prejudice, a trial court's ruling on the admissibility of evidence will be upheld. State v. Martin (1985), 19 Ohio St.3d 122, 129.
 {¶ 37} Evid. R. 602 requires that the witness have personal knowledge of the matter about which he is testifying.
 {¶ 38} Det. Drew testified that he has been a CMHA officer for eight years, and is currently in the SWAT unit. He stated that he has received special training for drug investigations. Det. Drew testified that he executes search warrants (mainly for narcotics), and patrols the streets for drug and gang activity. He testified that he has made well over one thousand drug arrests. Det. Drew testified that this was a high drug area with lots of gang activity. Det. Drew testified that the street value of a 23.77 gram rock of crack cocaine is $1,000, or $4,000 if cut up into $20 rocks. *Page 12 
 {¶ 39} We find that the trial court did not abuse its discretion when it allowed Det. Drew to testify to the street value of the crack cocaine because the detective's testimony was based on his personal knowledge and experience as an officer. Jackson's fourth assignment of error is overruled.
 {¶ 40} "V. Appellant's convictions are against the manifest weight of the evidence."
 {¶ 41} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Leonard, 104 Ohio St.3d 54, 68,2004-Ohio-6235 (internal quotes and citations omitted).
 {¶ 42} Jackson simply argues that his conviction is against the manifest weight of the evidence because Det. Drew was not credible. We disagree. A review of the record reveals sufficient evidence upon which a jury could find Jackson guilty of the crimes charged beyond a reasonable doubt. Jackson's fifth assignment of error is overruled. *Page 13 
 {¶ 43} "VI. The trial court erred by not ordering the return of the proceeds taken from appellant." Jackson argues that there is no evidence connecting the money to drug transactions, and thus it should not have been subject to forfeiture.
 {¶ 44} The state has the burden of proving that the money in defendant's possession was used illegally. State v. Parks, Cuyahoga App. No. 90368, 2008-Ohio-4245. "Mere possession of cash is not unlawful. * * * To prove that money is contraband and therefore subject to forfeiture, `the state must demonstrate that it is more probable than not, from all of these circumstances, that the defendant used [the money] in the commission of a criminal offense.'" State v. Blackshaw (May 29, 1997), Cuyahoga App. No. 70829, quoting State v. Golston (1990),66 Ohio App.3d 423, 431 (internal citations omitted); State v. Jimenez (Nov. 25, 1998), Cuyahoga App. No. 73804.
 {¶ 45} One factor that courts have looked at is whether the cash is in small denominations for making change. See State v. Owens, Summit App. No. 23267, 2007-Ohio-49; State v. Larios, Cuyahoga App. No. 83507,2004-Ohio-5730; State v. Alicea (Nov. 17, 1994), Cuyahoga App. No. 66411; State v. Jimenez (Nov. 25, 1998), Cuyahoga App. No. 73804. Here, Jackson had more than $9,000 in twenties, tens, fives, and ones, and a rock of crack cocaine with a street value between $1,000 and $4,000. A reasonable trier of fact could have concluded by a preponderance of the evidence that the large amount of cash in Jackson's pockets and the car was used to buy or sell crack cocaine. Thus, upon review, we find that the trial court could reasonably infer from the facts in evidence that the money in *Page 14 
question was subject to forfeiture. Accordingly, Jackson's sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1