[Cite as *State v. Natale*, 2011-Ohio-3974.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   95278

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN NATALE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-527159

**BEFORE:**   Keough J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 11, 2011

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, OH 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Stephanie Heibertshausen
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, John Natale ("Natale"), appeals from the common pleas court's judgment, rendered after a bench trial, finding him guilty of drug possession with a corresponding firearm specification, possession of criminal tools, and having weapons while under disability, and sentencing him to two years in prison. For the following reasons, we affirm.

{¶ 2} In August 2009, Natale was charged with drug trafficking in violation of R.C. 2925.03(A)(2), with a one-year firearm, forfeiture, and juvenile specifications; drug possession in violation of R.C. 2925.11(A), with a one-year firearm and forfeiture

specifications; possession of criminal tools in violation of R.C. 2923.24(A), with forfeiture specifications; and having weapons while under disability in violation of R.C. 2923.13(A).

{¶ 3} The facts relevant to this appeal center around a controlled buy operation in July 2009. Cleveland police suspected that G.N.[1] was selling marijuana out of a residence located at 2356 West 61st street. On July 13, Cleveland police set up a controlled buy with a confidential reliable informant ("CRI") and G.N. After the buy was completed, Detective Robert Klomfas obtained a search warrant to search the premises at the West 61st Street address.

{¶ 4} Detectives determined that Natale was the owner of the residence and that he resided there with his sons, one of whom was G.N. Natale was present and secured in the living room when the search warrant was executed and detectives searched the house.

{¶ 5} During the course of the search, detectives discovered a safe in a bedroom closet. After prying the door to the safe open, they found 50.89 grams of powder cocaine, several rifles, and a handgun inside the safe. The detectives also found packaging material, a spoon, and "cut," which is a substance used to dilute cocaine on top of the safe. The detectives determined the room was Natale's bedroom based on its appearance as compared to the other bedrooms. Specifically, the bedroom was neat and furnished with adult bedroom furniture, and contained a photo album with yellowing Polaroid photos, adult toiletries, and clothing. Personal papers, including a phone bill

---

[1] We use initials to protect the identity of the minor involved in this incident.

addressed to Natale at the West 61st Street address, were also found in the bedroom, indicating that the room belonged to Natale.

{¶ 6} G.N., who testified on behalf of his father, stated that the safe belonged to his father and was located in the closet of his father's bedroom. He also testified that he did not have control of the keys to the safe, and if he wanted to access the safe, he had to steal the keys from his father. According to G.N., the drugs, firearms, and paraphernalia located in and on the safe were his, and not his father's.

{¶ 7} Natale testified that his bedroom was where the safe was located. He also stated that he knew about and owned the guns found in his safe. However, he denied any knowledge or ownership of the drugs found inside the safe and the paraphernalia found on top of the safe. He testified he last accessed the safe approximately a year and a half before the search warrant was executed.

{¶ 8} At the close of testimony, the trial court found Natale not guilty of drug trafficking, but guilty of all other counts, including the firearm specification. The trial court also ordered that all firearms and other contraband recovered be forfeited.

{¶ 9} Natale appeals, contending that his drug possession conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.[2]

{¶ 10} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, Cuyahoga App. No. 92266,

---

[2]Natale does not raise any argument on appeal challenging his convictions for possession of criminal tools and having weapons while under disability.

2009-Ohio-3598, ¶12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 942, paragraph two of the syllabus.

{¶ 11} A manifest weight challenge, on the other hand, questions whether the prosecution met its burden of persuasion. *State v. Thomas* (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356. A reviewing court may reverse the judgment of conviction if it appears that the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. A finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. Id. at 388.

{¶ 12} R.C. 2925.11(A), regarding drug possession, provides that "no person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.01(K) defines possession as "having control over a thing or substance." Possession can be actual or constructive. *State v. Brown*, Cuyahoga App. No. 87932, 2007-Ohio-527. Actual possession entails ownership or physical control, whereas constructive possession exists when an individual knowingly exercises dominion and control over an object, even though the object may not be within his or her immediate physical possession. Id.; *State v. Hankerson* (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362. Knowledge and possession may be constructive in nature and may be proven entirely through circumstantial

evidence. *State v. Haynes* (1971), 25 Ohio St.2d 264, 267 N.E.2d 787; *State v. Trembly* (2000), 137 Ohio App.3d 134, 738 N.E.2d 93.

{¶ 13} In this case, the drugs were discovered in a safe located in Natale's bedroom closet. The drugs were found next to guns that Natale admitted were his. Viewing the evidence in the light most favorable to the State, there was sufficient evidence that Natale constructively possessed the drugs found in his safe in his bedroom.

{¶ 14} Similarly, Natale's conviction for drug possession is not against the manifest weight of the evidence because the drugs were found in his safe with his guns in his bedroom closet. Although G.N. testified that the drugs found in the safe belonged to him, his credibility was suspect because he also testified that the guns in the safe were his, even though Natale admitted owning the guns. Although Natale denied having any knowledge of the drugs, his knowledge could be inferred from the fact that the safe was in his room, that he alone had the keys to the safe, and that the firearms, which he admitted to owning, were located next to the drugs in the safe.

{¶ 15} Based on the trial court's weighing the credibility of the witnesses and the evidence offered into the record, we cannot say that the trial court lost its way in finding Natale guilty of drug possession.

{¶ 16} Accordingly, we overrule Natale's assignments of error.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR