[Cite as *State v. Kilbane*, 2019-Ohio-863.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106753**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TERRENCE THOMAS KILBANE**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-621132-A

**BEFORE:** E.T. Gallagher, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 14, 2019

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Yosef M. Hochheiser
         Callista Plemel
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113
ON RECONSIDERATION[1]


EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Terrence Thomas Kilbane ("Terrence"), appeals his domestic

violence conviction and claims the following three errors:

> 1. Appellant's conviction is against the manifest weight of the evidence.
>
> 2.  The trial court denied the appellant due process when it applied the wrong standard for self-defense.
>
> 3.  Appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶2} We find no merit to the appeal and affirm.

### I.   Facts and Procedural History

---

[1]  The original decision in this appeal, *State v. Kilbane*, 8th Dist. Cuyahoga No. 106753, 2019-Ohio-148, released on January 17, 2019, is hereby vacated.  This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

{¶3} Terrence was charged with one count of domestic violence in violation of R.C. 2919.25(A). The charge included a furthermore clause that elevated the offense from a misdemeanor to a fourth-degree felony due to a prior domestic violence conviction. At a bench trial, Terrence's brother, John Kilbane ("John"), testified that Terrence lives with their mother ("Mrs. Kilbane"), who has dementia. John, who lives nearby, recently bought his uncle's house, which is located next door to Mrs. Kilbane's house. John purchased the house intending to rent it out, but the house needed some renovations first.

{¶4} While John was renovating the house, Terrence started storing his masonry equipment in the garage. John testified that he became "fed up" with Terrence's tools taking up space in his garage and put the tools on the front lawn. (Tr. 25.) However, when John returned to the house the next day, he discovered the tools were back in the garage and once again removed them to the front lawn. As he was moving the tools, Terrence emerged from his mother's house and attacked John. (Tr. 26.) John escaped and ran home to call the police. Thereafter, he returned to the scene to wait for the police, and Terrence attacked him again.

{¶5} Officer Kevin Krug, an off-duty Cleveland police officer, happened to drive past Terrence and John as they were fighting. Krug testified that he observed Terrence shove John against a car and "slam" him on the ground. He parked his car, told his son to call 911, and approached the men to break up the fight. Terrence advanced toward Krug, stating: "This is none of your business, we're brothers, stay out of it." (Tr. 51.) Krug testified that Terrence's speech was slurred and he had a strong odor of alcohol "consistent with * * * [a]ll day drinking." (Tr. 54.)

{¶6} Officer Arthur Ventura, of the North Olmsted Police Department, responded to the scene in response to multiple 911 calls. (Tr. 63.) He knocked on Terrence's door to question

him about the incident. When Terrence answered the door, Ventura "[i]mmediately * * * detected a strong odor of alcoholic beverage coming out of his person." (Tr. 65.) Ventura also noticed that Terrence's eyes were "glossy" and "bloodshot," and his cheeks were "flush and red." (Tr. 65.) Ventura testified that he arrested Terrence for domestic violence because he determined, based on his training and experience with domestic violence, that Terrence was probably the first aggressor in the physical altercation. (Tr. 66.)

{¶7} Terrence testified that before the fight started, John entered his mother's house and aggressively tried to get her to go to bed. (Tr. 87.) Terrence asked John to leave the house, and he left. Shortly thereafter, the dog started barking. Terrence looked outside expecting to see a deer, but instead observed John throwing his expensive equipment out of the garage. Terrence testified that when he went outside to confront John, John grabbed a "two by four" piece of wood and swung it at Terrence. Terrence blocked it, and the "two by four" scraped Terrence's left elbow. Thereafter, John ran home.

{¶8} Meanwhile, Mrs. Kilbane had opened the door and was trying to leave the house. Terrence took her back inside and got her settled before going back outside to see to his tools. While he was picking up the tools, he heard a noise from a nearby car. He walked toward the sound and saw John sitting in his car. John rolled down the window and gave Terrence "the finger." (Tr. 92.) John got out of the car, and Terrence walked toward him. John stepped on Terrence's bare toe as he pushed him away and caused the toe to bleed. The two men were pushing and shoving each other when Office Krug intervened.

{¶9} Terrence testified that when Officer Ventura questioned him about the incident, he initially denied there had been a physical altercation. He admitted there had been a fight, however, when Officer Ventura noticed scratches on his arms and neck. Nevertheless, Terrence

refused to make a written statement to police. He testified that he decided not to make a written statement because he wanted to protect his brother from prosecution. Terrence never told police that John swung at him with a "two by four" even though Terrence was arrested and charged with domestic violence, and John was not charged. The parties stipulated to the fact that Terrence had a prior domestic violence conviction.

{¶10} The trial court found Terrence guilty of one count of domestic violence with the furthermore finding that he had a prior domestic violence conviction. Terrence was sentenced to six months of inactive probation and fined $500. Terrence now appeals his conviction.

## II. Law and Analysis

{¶11} We discuss the second assignment of error first because it involves the standard for self-defense to be applied in the other assigned errors. In the second assignment of error, Terrence argues his right to due process was violated because the trial court applied the wrong test for establishing a claim of self-defense by erroneously holding that Terrence had a duty to retreat.

{¶12} The accused bears the burden of establishing that he is entitled to the affirmative defense of self-defense. R.C. 2901.05(A); *State v. Palmer*, 80 Ohio St.3d 543, 563, 687 N.E.2d 685 (1997). And the elements of self-defense vary depending on whether the defendant used "nondeadly force" or "deadly force." *State v. Juntunen*, 10th Dist. Franklin No. 09AP-1108, 2010-Ohio-5625, ¶ 21; *State v. Densmore*, 3d Dist. Henry No. 7-08-04, 2009-Ohio-6870, ¶ 25; *Struthers v. Williams*, 7th Dist. Mahoning No. 07 MA 55, 2008-Ohio-6637, ¶ 13.

{¶13} It is undisputed that Terrence used nondeadly force in the altercation with John. To prove self-defense involving the use of nondeadly force, the accused must show, by a preponderance of the evidence, that (1) he was not at fault in creating the situation giving rise to

the altercation, (2) he reasonably believed that he was in imminent danger of bodily harm, and (3) his only means to protect himself from such danger was by the use of force not likely to cause death or great bodily harm. *State v. Gaston,* 8th Dist. Cuyahoga No. 98904, 2013-Ohio-2331, ¶ 15, citing *State v. Hunt*, 8th Dist. Cuyahoga No. 94534, 2011-Ohio-92, ¶ 20 and *Cleveland v. Welms*, 169 Ohio App.3d 600, 2006-Ohio-6441, 863 N.E.2d 1125, ¶ 19 (8th Dist.). If the defendant fails to prove any one of the elements by a preponderance of the evidence, he cannot establish that he acted in self-defense. *Hunt*, citing *State v. Jackson*, 22 Ohio St.3d 281, 284, 490 N.E.2d 893 (1986).

{¶14} Defense counsel indicated in opening statements that Terrence could not escape the confrontation with John without the use of force. He stated: "And his only means of retreat or escape was to use this force." (Tr. 19.) Defense counsel again referred to Terrence's ability to retreat in closing argument when he stated: "Now, when Terrence had a chance to retreat, he did." (Tr. 118.) Terrence now claims the court erroneously imposed a duty to retreat when applying the self-defense standard to the facts of this case. However, the court never mentioned a duty to retreat. In reaching the verdict, the court stated, in relevant part:

> I have considered the affirmative defense of self-defense and the burden placed on the defense to prove by a preponderance of the evidence all three elements of that defense.

(Tr. 126.)

{¶15} In a bench trial, the court is presumed to know and apply the law correctly unless the record affirmatively demonstrates otherwise. *State v. Shropshire*, 8th Dist. Cuyahoga No. 103808, 2016-Ohio-7224, ¶ 37. Although defense counsel discussed Terrence's opportunity to retreat during the trial, there is no evidence that the trial court applied the wrong standard for self-defense in this case or imposed a duty to retreat.

{¶16} Accordingly, the second assignment of error is overruled.

**B.   Manifest Weight of the Evidence**

{¶17} In the first assignment of error, Terrence argues his domestic-violence conviction is against the manifest weight of the evidence.   He contends the manifest weight of the evidence shows that he acted in self-defense.

{¶18} A manifest weight challenge questions whether the state met its burden of persuasion.   *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12.   A reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."   *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶19} Although we review credibility when considering the manifest weight of the evidence, we are conscious of the fact that determinations regarding the credibility of witnesses and the weight of the testimony are primarily for the trier of fact.   *State v. Bradley*, 8th Dist. Cuyahoga No. 97333, 2012-Ohio-2765, ¶ 14, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).   Therefore, a conviction should be reversed as against the manifest weight of the evidence only in the most "exceptional case in which the evidence weighs heavily against the conviction."   *Thompkins* at 387.

{¶20} John testified that as he was moving Terrence's masonry equipment to the front lawn, Terrence emerged from his mother's house and attacked him. (Tr. 26-27.)   Thereafter, John escaped to his house and called the police.   When John returned to the scene to wait for the police, Terrence attacked him a second time.

{¶21} Terrence testified that John started the fight by swinging a "two by four" piece of wood at him when he confronted John as to why he was removing his equipment from the garage. (Tr. 89.) Thus, Terrence and John provided different accounts as to how the physical altercation occurred. However, Terrence never told the police that John swung a "two by four" at him, even after he was in police custody. Terrence also refused to provide a written statement to police. Moreover, Officers Krug and Ventura both testified that Terrence was intoxicated at the time of the incident, but Terrence testified that he had not been drinking prior to the fight. Therefore, the testimony of these third-party witnesses casts doubt on Terrence's credibility.

{¶22} Moreover, the court was in the best position to assess the witnesses' credibility and the court believed John's account of the incident. John testified that Terrence ran out of his mother's house and "started swinging" at John. (Tr. 27.) Thus, John's testimony established that Terrence was at fault in creating the situation giving rise to the altercation, and that, therefore, Terrence was not entitled to claim self-defense. We cannot say that Terrence's conviction is against the manifest weight of the evidence under these circumstances.

{¶23} The second assignment of error is overruled.

### C. Ineffective Assistance of Counsel

{¶24} In the third assignment of error, Terrence argues his trial counsel was ineffective because he argued the wrong self-defense test and failed to object to the state's assertion that he gave rise to the affray by verbally confronting his brother about damaging his tools.

{¶25} To establish ineffective assistance of counsel, Terrence must demonstrate that counsel's performance fell below an objective standard of reasonable representation, and he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates

"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

{¶26} As previously stated, defense counsel discussed Terrence's relative opportunities to retreat in opening statement and closing argument. Terrence now argues that his trial counsel was ineffective because he caused the court to apply the wrong test for self-defense. He also claims his counsel was ineffective because he failed to object to the state's assertion that Terrence caused the physical altercation by verbally confronting John about his tools. However, counsel never explicitly argued that Terrence had a duty to retreat. And although counsel alluded to a duty to retreat in opening statements, there is no evidence that the trial court imposed such a duty on him. Moreover, there was competent, credible evidence that Terrence created the situation that gave rise to the affray by physically attacking John. This act of aggression negated his claim of self-defense. Therefore, Terrence cannot establish that his trial counsel was ineffective or that he was prejudiced by any deficient representation by counsel.

{¶27} The third assignment of error is overruled.

{¶28} The trial court's judgement is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR