[Cite as *State v. Harris*, 2024-Ohio-5603.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No.  113814

    v.                           :

KEITH HARRIS,                           :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  November 27, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-683884-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney and Britany Fletcher, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Keith Harris ("Harris"), appeals his convictions of multiple drug-related offenses arguing the convictions are against the manifest weight of the evidence. For the reasons set forth below, we affirm.

**Procedural Background and Facts**

{¶ 2} On August 15, 2023, Harris was indicted on seven drug-related offenses: drug trafficking (cocaine) in violation of R.C. 2925.03(A)(2), a felony of the second degree (Count 1); drug possession (cocaine) in violation of R.C. 2925.11(A) a felony of the second degree (Count 2); drug trafficking (phencyclidine "PCP") in violation of R.C. 2925.03(A)(2), a felony of the third degree (Count 3); drug possession (PCP) in violation of R.C. 2925.11(A) a felony of the third degree (Count 4); drug trafficking (fentanyl-related compound) in violation of R.C. 2925.03(A)(2), a felony of the fourth degree (Count 5); drug possession (fentanyl-related compound) in violation of R.C. 2925.11(A) a felony of the fourth degree (Count 6); possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree (Count 7) and driving under the influence, in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree (Count 8). Harris pleaded not guilty. On January 31, 2024, he waived his right to a jury and the trial court conducted a bench trial.

{¶ 3} The trial revealed the following facts: On June 18, 2023, Independence Patrolman Evan Waidley ("Ptl. Waidley") was dispatched to I-480 in response to a call by a construction worker that a vehicle was stopped in the middle of the highway causing a hazard. Upon arrival, other officers were directing the driver of the vehicle, Harris, out of the vehicle and to a safe space off of the highway. Ptl. Waidley attempted to speak with Harris who exhibited signs of impairment. Harris was making motions and chewing on his lip in a manner consistent with a

person under the influence of PCP.  Additionally, Ptl. Waidley noted Harris had a strong potent formaldehyde odor, similar to PCP, on his person.

{¶ 4} After attempting to speak to Harris, Ptl. Waidley assisted with the inventory of the vehicle Harris had occupied.  As a result of the search, officers found, in plain view in the cup holder, a vial containing a yellow liquid, consistent with PCP, and a wet cigarette.  A crown royal bag in the center console was found to contain substances consistent with crack cocaine and fentanyl, as well as a digital scale.

{¶ 5} At the end of the trial, the court took the case under advisement.  On February 6, 2024, the trial court rendered its verdict and found Harris guilty of Counts 2, 4, 6, 7, and 8 and not guilty of the trafficking Counts: 1, 3, and 5.  Subsequently, Harris was sentenced to an aggregate indefinite prison sentence of a minimum of two years to a maximum of three years.  Harris appeals presenting this sole assignment of error for our review.

## Assignment of Error

Appellant's convictions are against the manifest weight of the evidence depriving Mr. Harris of due process under the law.

## Law and Analysis

{¶ 6} In his assignment of error, Harris claims that his convictions were against the manifest weight of the evidence because he did not knowingly possess the contraband in the vehicle.  As a preliminary matter, we must determine which charges Harris is challenging.  Harris was convicted of possessing both drugs and

criminal tools, as well as operating a vehicle while intoxicated. However, only drug possession charges references "knowingly" as an element. Neither possession of criminal tools nor operating a vehicle under the influence requires a mens rea of knowingly. *See State v. Jackson,* 2009-Ohio-733 ¶ 21 (8th Dist.) (culpable mental state for possession of criminal tools is purposefully); *State v. Andera*, 2010-Ohio-3304, ¶ 20 (8th Dist.) (operating a vehicle under the influence is a strict liability offense).

{¶ 7} Drug possession in violation of R.C. 2925.11(A) provides, "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." Therefore, Harris's other convictions are not subject to our review. For the reasons that follow, we affirm Harris' drug possession convictions.

{¶ 8} "[W]eight of the evidence involves the inclination of the greater amount of credible evidence." It concerns "the evidence's effect of inducing belief." *State v. Wilson*, 2007-Ohio-2202, ¶ 25, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386-387 (1997). The reviewing court must consider all the evidence in the record, the reasonable inferences, and the credibility of the witnesses to determine "'whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Harris,* 2021-Ohio-856, ¶ 32 (8th Dist.), citing *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172 (1st Dist. 1983).

{¶ 9} Unless the record affirmatively demonstrates otherwise, in a bench trial court, the trial court is presumed to know and apply the law correctly. *State v. Kilbane*, 2019-Ohio-863, ¶ 15 (8th Dist.), citing *State v. Shropshire*, 2016-Ohio-7224, ¶ 37 (8th Dist.).

{¶ 10} Harris claimed he could not have knowingly possessed the contraband found inside the center console because the vehicle was not his. However, Harris concedes the wet cigarette and PCP found in plain view may more easily be said to have been possessed by him. A person has knowledge of circumstances when he or she is aware that such circumstances probably exist. R.C. 2901.22(B). Whether a defendant knowingly possessed a controlled substance is determined from all the available attendant facts and circumstances, *State v. Alexander,* 2009-Ohio-597, ¶ 21 (8th Dist.), citing *State v. Teamer*, 82 Ohio St.3d 490, 492 (1998).

{¶ 11} It is well settled that possession may be either constructive or actual. *State v. Natale*, 2011-Ohio-3974, ¶ 12 (8th Dist.). Ownership or physical control is actual possession, whereas constructive possession occurs when a person knowingly exercises dominion and control over an object, despite that the object may not be within the person's immediate physical possession. *Id.*, citing *State v. Brown,* 2007-Ohio-527 (8th Dist.). *State v. Hankerson,* 70 Ohio St.2d 87 (1982). Both constructive knowledge and possession may be established solely through circumstantial evidence. *Id.*, citing *State v. Haynes*, 25 Ohio St.2d 264 (1971); *State v. Trembly*, 137 Ohio App.3d 134 (8th Dist. 2000).

{¶ 12} This court has repeatedly recognized that readily usable drugs found in very close proximity to a defendant constitutes circumstantial evidence that may support a conclusion that the defendant had constructive possession of such drugs. *Alexander* at ¶ 23, citing *State v. Trembly*, 137 Ohio App.3d 134, 141 (8th Dist. 2000); *State v. Barr*, 86 Ohio App.3d 227 (8th Dist. 1993); *State v. Pruitt*, 18 Ohio App.3d 50 (8th Dist. 1984).

{¶ 13} Here, Harris was in a vehicle having consumed PCP. The PCP was next to him in the cup holder in the center console, while additional drugs were inside the center console. Given these facts, the weight of the evidence clearly induces the belief that Harris knowingly possessed both the drugs in the cup holder and inside the console, both being in such close proximity to him. Such a finding does not establish that the factfinder clearly lost its way and created a manifest miscarriage of justice.

{¶ 14} Therefore, Harris' argument is unpersuasive. Accordingly, we affirm Harris' convictions.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)