[Cite as *State v. Hullum*, 2013-Ohio-1448.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   98796

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## DOMINIQUE HULLUM

DEFENDANT-APPELLEE

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561566

**BEFORE:**   Boyle, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    April 11, 2013

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Margaret A. Troia
          T. Allan Regas
Assistant County Prosecutors
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

**ATTORNEY FOR APPELLEE**

David H. Brown
David H. Brown, L.L.C.
The Gehring Building
1956 West 25th Street, Suite 302
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Plaintiff-appellant, state of Ohio, appeals the trial court's judgment granting the motion to suppress of defendant-appellee, Dominique Hullum. The state raises one assignment of error for our review:

> The trial court erred in granting a motion to suppress where police conducted an inventory search pursuant to a standardized and established practice.

{¶2} Finding no merit to the state's appeal, we affirm.

### Procedural History and Factual Background

{¶3} Hullum was indicted in May 2012 on three counts of drug trafficking, drug possession, and possession of criminal tools, with all three counts containing specifications for forfeiture of money and a scale.

{¶4} Hullum moved to suppress evidence that the police found in a backpack in the trunk of his car after they pulled him over for failing to stop at an accident. The following facts were presented at the suppression hearing.

{¶5} Officer Shannon Cushman of the East Cleveland Police Department testified that on April 7, 2012, she was on regular patrol in the area of Hayden and Woodworth avenues. She stated that she received a call that a vehicle had been struck by another vehicle and that the driver of the vehicle that had been hit was following the car that had hit him. When she arrived at the scene, the vehicles had stopped and two males were outside their cars arguing.

**{¶6}** After assessing the situation, Officer Cushman said that she learned that Mr. Blackman was driving his car and was struck by Hullum's vehicle in the rear. Hullum did not stop at the scene of the accident. Blackman followed Hullum to obtain his information. Officer Cushman learned that the accident had occurred near Shaw and Manhattan avenues.

**{¶7}** Officer Cushman stated that Hullum was arrested for leaving the scene of an accident under East Cleveland Codified Ordinances 335.12. Officer Cushman testified that a violation of this ordinance was an arrestable offense. Officer Cushman testified that because Hullum was arrested, the police had his vehicle towed to a local storage area pursuant to East Cleveland police policy. She explained that Hullum's vehicle was in a public area, and thus, it had to be towed because it "had to be safely kept." She explained that they tow vehicles in "[a] high majority of cases" when a person is placed under arrest because at that point, the police department is "responsible for the vehicle."

**{¶8}** Officer Cushman testified that Sergeant William Mitchell conducted the inventory search of the vehicle. Sergeant Mitchell notified Officer Cushman what he found. Officer Cushman completed an East Cleveland Police Department vehicle impound form that she said they "use for every vehicle that is towed." She explained that the form identifies any damage to the vehicle at the time of impact and any property that was found in the car. She further explained that any illegal items found in a car are not included on the form because that "evidence" is turned over to the detective bureau.

**{¶9}** After the search, Officer Cushman contacted a tow truck company to tow Hullum's vehicle.

**{¶10}** Sergeant Mitchell testified that when he arrived at the scene, he explained that East Cleveland police policy is that when a person is arrested, that person's vehicle has to be towed. Prior to towing the vehicle, the officers must conduct an inventory of the car. He further explained that by doing an inventory search, the person's property in the car is protected and the police department is protected from civil liability. Sergeant Mitchell identified an exhibit that was admitted into evidence that was East Cleveland's policy and procedure concerning towing a vehicle and impounding it.

**{¶11}** Sergeant Mitchell explained that Hullum was arrested for a "hit skip" for leaving the scene of an accident, "which is an arrestable offense in" East Cleveland. He testified that he and other officers searched the interior of the car and the trunk. They used a key from the ignition to open the trunk. He said that they found a red backpack in the interior of the trunk. They found inside the backpack "a decent quantity of oxycodone, and also a bag of marijuana, and a drug scale with marijuana residue."

**{¶12}** Sergeant Mitchell testified that police are responsible for the contents of the trunk as well as the contents of the interior of the vehicle. He explained that they also have to the know the contents of closed containers inside the trunk or car because they are responsible for those as well. He said that if there was something valuable inside the container, they would be responsible for that item as well. Sergeant Mitchell read the last page of the policy and procedure manual into the record where it stated, "[w]henever

a motor vehicle is impounded and either driven or towed to the police station or impound lot, an inventory of the contents of such vehicle will be made by the arresting or impounding officers." Sergeant Mitchell stated that it is his understanding from his training and experience of impounding thousands of vehicles, that the provision he read meant that he was also supposed to search the contents of any container in the vehicle.

{¶13} On cross-examination, Sergeant Mitchell agreed that the police report written by Officer Cushman stated that Hullum's vehicle was searched "incident to arrest."

{¶14} At the close of the evidence, Hullum conceded that the officers could search his trunk pursuant to an inventory search, but argued that the permissible search did not extend to a search of the backpack because East Cleveland's inventory search policy did not expressly permit such a search. The state argued that the case law requires an articulated policy, but did not require that policy to be written.

{¶15} The trial court found no bad faith on the part of the East Cleveland police officers, but granted Hullum's motion to suppress. The state appealed.

Standard of Review

{¶16} A motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.* "Consequently, an appellate court must accept the trial court's findings

of fact if they are supported by competent, credible evidence." *Id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." (Citations omitted.) *Id.*

### Inventory Search of Closed Containers Inside a Trunk

{¶17} The sole issue in this appeal is whether the search of the backpack found in Hullum's locked trunk was properly conducted pursuant to a lawful inventory search.

{¶18} The Fourth Amendment and the Ohio Constitution, Article I, Section 14, guarantee that individuals be free from unreasonable searches and seizures. Evidence obtained in violation of this guarantee must be excluded from introduction in any criminal trial. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The fruits of such evidence must be excluded as well. *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 391-392, 40 S.Ct. 182, 64 L.Ed. 319 (1920). Searches conducted without a warrant based on probable cause are per se unreasonable, subject to only a few specifically established and well-defined exceptions. *California v. Acevedo*, 500 U.S. 565, 580, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991).

{¶19} An inventory search of a lawfully-impounded vehicle is an exception to the general prohibition against warrantless searches. *State v. Hathman*, 65 Ohio St.3d 403, 405-406, 604 N.E.2d 743 (1992). To satisfy constitutional requirements, the inventory search must be conducted in good faith and "in accordance with reasonable standardized procedure(s) or established routine." *Id.* at paragraph one of the syllabus. While those

procedures need not be in writing, the state must show that the police department has a standardized, routine policy, and that the officer's conduct conformed to that policy. *State v. Flynn*, 3d Dist. No. 13-06-11, 2006-Ohio-6683, ¶ 17; *State v. Bozeman*, 2d Dist. No. 19155, 2002-Ohio-2588, ¶ 23.

> If, during a valid inventory search of a lawfully impounded vehicle, a law-enforcement official discovers a closed container, the container may only be opened as part of the inventory process if there is in existence a standardized policy or practice specifically governing the opening of such containers.

*Hathman* at paragraph two of the syllabus.

{¶20} In *Hathman*, the court addressed the issue of whether police officers could open a closed container found within a vehicle upon an inventory search. In the case, a state highway patrol officer testified that standard departmental procedure was to inventory the contents of the vehicle when it was impounded. The highway patrol officer searched the trunk of a car pursuant to an inventory search and found a closed plastic bag under the spare tire containing drugs.

{¶21} The Supreme Court found the search of the trunk to be valid because it was an area of a car that is normally searched. *Id.* at 408. But the court affirmed the suppression of the evidence of the bag and its contents, holding:

> With the foregoing discussion in mind, we believe that in order to satisfy the requirements of the Fourth Amendment to the United States Constitution, an inventory search of a lawfully impounded vehicle must be conducted in good faith and in accordance with reasonable standardized procedure(s) or established routine. Further, if, during a valid inventory search of a lawfully impounded vehicle, a law-enforcement official discovers a closed container, the container may only be opened as part of

the inventory process if there is in existence a standardized policy or practice specifically governing the opening of such containers.

In the case at bar, there is ample evidence that the decision to conduct the inventory search of appellee's automobile was made in accordance with standardized procedures of the Ohio State Highway Patrol. Further, we are satisfied that the inventory search of appellee's vehicle was conducted in good faith, and not for the sole purpose of investigation. However, our reading of [*Colorado v. Bertine*, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); and *Florida v. Wells*, 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990)] is that the existence of a reasonable policy or procedure governing inventory searches in general is insufficient to justify the opening of closed containers encountered during the inventory search. Rather, some articulated policy must also exist which regulates the opening of containers found during the authorized inventory search.

*Hathman* at 407-408.

{¶22} The Ohio Supreme Court in *Hathman* found that there was "no evidence in [the] case of any standardized policy or practice of the Ohio State Highway Patrol specifically governing the opening of closed containers found during inventory searches." *Id.* The state trooper testified "concerning the scope of an inventory search related to the areas (or parts) of a vehicle which are normally searched, i.e., the interior, trunk, glove box, etc." *Id.* at 408. But the Supreme Court found that the state trooper's testimony fell "short of establishing that some policy or practice of the Highway Patrol governed the opening of the closed containers." The court held that the state trooper's opening of the closed containers found during the inventory search was constitutionally impermissible, and that the evidence seized as a result had to be suppressed.

{¶23} In *State v. Congeni*, 104 Ohio App.3d 726, 663 N.E.2d 357 (8th Dist.1995), a police officer searched a locked briefcase that he found in the trunk of the car before

impounding it. The officer testified that he opened the briefcase to determine if it contained "valuables like cash or jewelry." The officer explained that standard procedure was to inventory the contents of an impounded vehicle before towing to ensure that nothing is lost or taken from the vehicle while in police custody. He further explained that "it was normal police procedure" to look for such valuables. Instead, the officer found "gambling paraphernalia." Relying on *Hathman*, this court upheld the trial court's suppression of evidence found pursuant to an inventory search after finding that there was no evidence "of any standardized policy or practice * * * specifically governing the opening of closed containers found during inventory searches." *Id.* at 734.

{¶24} Here, Sergeant Mitchell testified that the inventory search was conducted pursuant to standard policy and procedure of the East Cleveland Police Department. He explained that this standard procedure required him to "inventory the contents" of the vehicle being impounded. He further testified that inventorying the contents of the vehicle also meant inventorying the contents of any closed container found in the car. Officer Cushman also stated that she had the same understanding, but she admitted that she had not read the policy pertaining to inventorying the contents of an impounded car.

{¶25} The state argues that through Sergeant Mitchell's testimony, it established that the East Cleveland Police Department has a written policy and procedure in place that requires police to search the entire contents of a vehicle upon the arrest of its owner, including the contents of closed containers found within the vehicle. The state maintains that a police officer's testimony establishing that he or she conducted the search

pursuant to a standard routine department policy is sufficient to establish that the department actually has the policy. The state cites to several cases where courts find that the officer's search was valid based only on the officer's testimony explaining the standard inventory procedures, and that he or she conducted the search pursuant to that established procedure. *See, e.g., State v. Flynn*, 3d Dist. No. 13-06-11, 2006-Ohio-6683 (court held that "the existence of a written policy is not required"; the relevant inquiry was whether the evidence indicated that a standardized policy or procedure existed, and whether the officer followed that policy); *State v. Semenchuk*, 122 Ohio App.3d 30, 701 N.E.2d 19 (8th Dist.1997) (written policy not required; testimony that the officer was adhering to standard police procedure is sufficient).

{¶26} We find the state's cases to be inapplicable to the facts in this case. In the cases cited by the state, the issue was whether a standard police procedure existed. Those cases held that a police officer's testimony is sufficient to establish such procedures.

{¶27} Here, however, East Cleveland's written policy was admitted into evidence. The existence of the policy is not at issue. The written policy required arresting or impounding officers to conduct "an inventory of the contents" of the vehicle being impounded. But this policy clearly does not address how the officers should handle closed containers within a vehicle that is being impounded.

{¶28} Sergeant Mitchell did testify that he believed the policy required him to search all closed containers within a vehicle that is being impounded. He further stated

that after inventorying thousands of vehicles, that is how he has always interpreted the policy. Officer Cushman testified that is what she believed the policy required as well, although she admitted that she did not read the provision at issue.

{¶29} Despite the officers' testimonies, however, the inventory search conducted by Sergeant Mitchell was not done under the specific guidelines of a written policy that permits the opening of a closed container within a vehicle. The East Cleveland Police Department has a reasonable policy and procedure in place governing inventory searches in general, but that policy is insufficient to justify the opening of a closed container found during an inventory search. *See Hathman* at 408. "Rather, some articulated policy must also exist which regulates the opening of containers found during the authorized inventory search."

{¶30} Accordingly, we overrule the state's sole assignment of error.

{¶31} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR