[Cite as *State v. Harris*, 2013-Ohio-3735.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99481**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## QUAISON HARRIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-565612

**BEFORE:**   E.T. Gallagher, J., S. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   August 29, 2013

**ATTORNEY FOR APPELLANT**

Patrick E. Talty
20325 Center Ridge Road
Suite 512
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Louis J. Brodnik
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant Quaison Harris ("Harris") appeals the trial court's judgment denying his motion to suppress. We find no merit to the appeal and affirm.

**{¶2}** In August 2012, Harris was arrested and charged with possession and trafficking in heroin, possession of codeine, and possession of criminal tools. Prior to trial, Harris filed a motion to suppress evidence arguing that because police did not have probable cause or reasonable suspicion that he was involved in any criminal activity, their search of his vehicle was unlawful.

**{¶3}** At the suppression hearing, Officer Hodous ("Hodous") of the Cleveland police department testified that on August 5, 2012, he and his partner were patrolling the area of East 93rd Street and Hough Avenue in response to numerous complaints of drug activity. They pulled into a parking lot on East 93rd Street and observed five or six men standing around a white 2012 Chevrolet, which was parked in the lot. Most of the men walked away when the police arrived, but one individual fled south on foot across Hough Avenue.

**{¶4}** Hodous testified that in his experience, flight activity is suspicious, and the officers drove closer to the car to investigate the situation. When they exited their zone car, a man exited the passenger side of the white Chevrolet and fled across Hough Avenue. The officers ran after the passenger, but their attempt to apprehend him quickly

proved futile so they returned to the Chevrolet where they noticed a strong smell of fresh marijuana. Police asked the man, who was later identified as Harris, to step out of the car. Harris complied and admitted that he had some "weed" in his pocket and that there may be more inside the car. Hodous patted Harris down for weapons and removed a small bag of marijuana from his pants pocket.

{¶5} Hodous further testified that he observed a prescription bottle containing codeine cough syrup in plain view in the console cup holder. Half of the label was peeled off but the last name Brown was still visible. Having verified Harris's identity through the police computer, the officers knew that the prescription did not belong to him and placed him under arrest. The officers subsequently searched Harris's car and found a bag of suspected heroin in the pocket of the passenger side door. During the booking process at the police department, police found two more bags of heroin in Harris's underwear. Harris did not challenge the discovery of these two additional bags of heroin and agreed that the admissibility of this evidence was contingent upon the court's ruling on the initial search and arrest.

{¶6} The court denied Harris's motion to suppress, stating that police were permitted to investigate the smell of marijuana and the bottle of prescription codeine cough syrup, which was in plain view. And, because possession of codeine cough syrup is a first-degree misdemeanor and an arrestable offense, the subsequent search and inventory of Harris's car was lawful. This appeal followed.

**{¶7}** In his sole assignment of error, Harris argues the trial court committed prejudicial error when it denied his motion to suppress evidence. He argues that because he had done nothing illegal when police detained him, the subsequent search and seizure of his vehicle violated the Fourth Amendment to the United States Constitution, and Article I, Section 14, Ohio Constitution.

**{¶8}** Appellate review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *Id.* Therefore, we give deference to the trial judge's factual findings but review the application of law to the facts de novo. *Id*.

**{¶9}** The Fourth Amendment to the United States Constitution, and Article I, Section 14, Ohio Constitution, prohibits unreasonable searches and seizures by government agents. *State v. Kinney*, 83 Ohio St.3d 85, 87, 698 N.E.2d 49 (1998). The principal remedy for violations of these constitutional protections is the exclusion of evidence from the criminal trial of the individual whose rights have been violated. *Lakewood v. Crump*, 8th Dist. Cuyahoga No. 93618, 2010-Ohio-5581, ¶ 8. Exclusion is mandatory when such evidence is obtained as a result of an illegal arrest, search, or seizure. *Id.,* citing *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

**{¶10}** Harris maintains that his arrest and the subsequent search of his car were illegal, because police lacked the probable cause and reasonable suspicion necessary to

warrant the intrusion. However, "police may, without reasonable suspicion or probable cause, approach an individual in a public location and 'pose questions, ask for identification, and request consent to search * * * provided they do not induce cooperation by coercive means.'" *Columbus v. Body*, 10th Dist. Franklin No. 11AP-609, 2012-Ohio-379, ¶ 10, quoting *United States v. Drayton*, 536 U.S. 194, 201, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002). "Not all personal intercourse between policemen and citizens involves 'seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred" within the meaning of the Fourth Amendment. *Terry v. Ohio*, 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

{¶11} In this case, the police did not search Harris's vehicle until after they had probable cause to arrest him. They never activated the lights or sirens on their police car and never drew their weapons. Nor did they touch Harris or even ask him to stop to talk to them. He was already stopped in a parked car when police approached the car and smelled fresh marijuana. Officer Hodous testified that he was trained to recognize the smell of marijuana during his training at the police academy and that he had made hundreds of arrests for marijuana prior to this incident.

{¶12} The Ohio Supreme Court has held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement." *State v. Moore*, 90 Ohio St.3d 47, 48, 734 N.E.2d 804 (2000). *See also State v. Williams*, 8th

Dist. Cuyahoga Nos. 92009 and 92010, 2009-Ohio-5553, ¶ 26 ("smell of marijuana emanating from the vehicle justified a search of the vehicle without a warrant based upon the 'plain smell doctrine.'")

{¶13} However, police had other reasons to suspect that criminal activity was afoot. A reasonable suspicion of criminal activity "is something more than an unparticularized suspicion or mere hunch, but less than the level of suspicion required for probable cause." *State v. White,* 2d Dist. Montgomery No. 25396, 2013-Ohio-3027, ¶ 15, quoting *State v. Studley*, 2d Dist. Greene No. 2010 CA 81, 2011-Ohio-5563, ¶ 54. In *Terry v. Ohio*, the United States Supreme Court explained that the Fourth Amendment allows a police officer to stop and detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that the person detained has committed or is committing a crime. *Terry* at 21; *see also State v. Andrews*, 57 Ohio St.3d 86, 565 N.E.2d 1271 (1991).

{¶14} In this case, police were patrolling the streets in an area known for heavy drug trafficking. All of the men surrounding Harris's car dispersed as soon as the police arrived, and one man fled on foot. When police exited their vehicle, the passenger in Harris's car also fled from the scene, but the officers were unable to apprehend him. In *Illinois v. Wardlow*, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), the United States Supreme Court stated:

> Our cases have also recognized that nervous, evasive behavior is a pertinent factor in determining reasonable suspicion. Headlong flight — wherever it occurs — is the consummate act of evasion: [i]t is not necessarily indicative of wrongdoing, but it is certainly suggestive of such. *Id.* at 676.

In this case, two men fled from Harris's car in response to police presence.

{¶15} Harris complied with Hodous's request to step out of the car, and when police patted him down they found a bag of marijuana in his pocket. Harris admitted that there may be more marijuana in the car, and when police looked into the car, they observed a prescription bottle of codeine cough syrup in plain view. The label on the prescription bottle had been partially removed but the last name Brown was still visible. Although Harris initially claimed the prescription was given to him for a broken jaw, he admitted that it did not belong to him.

{¶16} Further, removing the label on a prescription bottle containing the medication is a first-degree misdemeanor under R.C. 3719.08(E) and 3719.99 and is therefore an arrestable offense under R.C. 2935.03. *State v. Jackson*, 8th Dist. Cuyahoga No. 90471, 2009-Ohio-733, ¶ 16. Indeed, Hodous testified that they did not arrest Harris until after they discovered the defaced prescription label on the bottle of codeine cough syrup. Therefore, police had probable cause to arrest Harris.

{¶17} The officers found the heroin in a pocket inside the passenger side door when they searched Harris's car after his arrest. Officer Hodous testified that they searched the car because it was going to be towed. An inventory search of a lawfully impounded vehicle is an exception to the general prohibition against warrantless searches. *State v. Hathman*, 65 Ohio St.3d 403, 405-406, 604 N.E.2d 743 (1992). To satisfy constitutional requirements, the inventory search must be conducted in good faith and "in accordance with reasonable standardized procedure(s) or established routine." *Id.* at

paragraph one of the syllabus.  While those procedures need not be in writing, the state must show that the police department has a standardized, routine policy and that the officer's conduct conformed to that policy.  *State v. Hullum*, 8th Dist. Cuyahoga No. 98796, 2013-Ohio-1448, ¶ 19.

{¶18} Officer Hodous testified that he searched Harris's car in accordance with Cleveland Police Department policy, which allows officers to search compartments inside the car.  They found a bag of heroin in the pocket of the passenger side door.  Thus, because police searched Harris's car after his arrest and in accordance with police policy and procedure, the discovery of heroin during that search was lawful.

{¶19} Based on the evidence in the record, we agree with the trial court's determination that the search of Harris's car was legal.  The totality of the circumstances led the police to the discovery of the defaced label on the bottle of prescription codeine, which constituted an arrestable offense.  It was only after police placed Harris under arrest, that they searched Harris's car and found a bag of heroin.

{¶20} Therefore, we overrule Harris's sole assignment of error.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the common pleas court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR