JOURNAL ENTRY AND OPINION
{¶ 1} Deandre Woods ("Woods") appeals from his conviction received in the Cuyahoga County Court of Common Pleas. Woods argues the State of Ohio ("State") failed to respond to discovery, his trial counsel rendered ineffective assistance, the State did not support his conviction with sufficient evidence, and his conviction is against the manifest weight of the evidence. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On March 1, 2006, Cleveland Police Officer Michael Benz ("Officer Benz") and his partner, Cleveland Police Officer Robert Sauterer ("Officer Sauterer") were patrolling the area of E. 185th Street, Nottingham Road, and Villaview Road in Cleveland, for drug activity. At approximately 9:45 p.m., the officers observed a minivan speeding in the opposite direction on Villaview Road. The officers' radar detector indicated that the vehicle was traveling forty-eight miles per hour in a thirty-five mile per hour zone. The officers initiated a traffic stop and the driver of the minivan stopped the vehicle.
 {¶ 3} Officer Sauterer approached the driver's side while Officer Benz approached the passenger side of the vehicle; both officers had their flashlights out. Officer Sauterer asked Woods, the driver of the vehicle, for his driver's license. Woods responded that he did not have a valid license, and Officer Sauterer told him he would be placed under arrest. Officer Sauterer removed Woods from the car and placed him in handcuffs. *Page 4 
 {¶ 4} At the same time, Officer Benz peered into the vehicle and observed two styrofoam cups inside the van. Officer Benz believed the individuals were drinking and asked the passenger, Gregory Smith ("Smith") to exit the vehicle. After Officer Benz removed Smith from the vehicle, he observed an open bottle of Remy Martin on the floor of the vehicle. Officer Benz placed Smith in handcuffs and took him back to the zone car.
 {¶ 5} The officers secured both Woods and Smith and then went back to the minivan to search its contents. During the search, Officer Sauterer located a rock of suspected crack cocaine on the floor between the driver's and passenger's seats. Because of the presence of suspected crack cocaine, the officers approached Woods and Smith to do a further pat-down search. The officers did not find any additional contraband on Woods but did verify that he had a suspended license.
 {¶ 6} Smith told officers that he had two bags of marijuana on his person, which the officers confiscated. Additionally, the officers noticed that Smith mumbled when he spoke and that he would not open his mouth. Officer Benz believed Smith had concealed drugs inside his mouth and that he was trying to swallow the drugs. The officers ordered Smith to open his mouth and lift his tongue but Smith refused. A scuffle ensued between Smith and the officers. During the scuffle, the officers used a tazer and pepper spray, causing Smith to spit out a bag that contained suspected crack cocaine. *Page 5 
 {¶ 7} By the time the struggle with Smith occurred, additional officers arrived to assist Officers Sauterer and Benz. Officer Sean Smith ("Officer Smith") searched the minivan and recovered a second rock of suspected crack cocaine in the driver's side door by the window controls. The officers took Woods and Smith into custody.
 {¶ 8} Lab reports revealed that the rock of suspected crack cocaine recovered by Officer Sauterer tested positive for .14 grams of cocaine. The lab reports also revealed that the rock of crack cocaine found by Officer Smith tested positive for .01 grams of cocaine.
 {¶ 9} On March 20, 2006, a Cuyahoga County Grand Jury returned an indictment charging Woods with possession of drugs, a fifth degree felony. The indictment also charged codefendant Smith with tampering with evidence, drug trafficking, resisting arrest, possession of criminal tools, and two counts of drug possession. Codefendant Smith failed to appear as ordered by the trial court, and a capias was issued on April 13, 2006. As of this date, he has yet to appear for trial.
 {¶ 10} Woods pleaded not guilty and elected to try his case to a jury. Prior to commencement of trial, the parties stipulated to lab reports detailing the positive cocaine result and the weight of the drugs. On June 14, 2006, the jury found Woods guilty of possession of drugs, as charged in the indictment. The trial court sentenced Woods on the following day to ten months in prison. Woods appeals, raising the four assignments of error contained in the appendix to this opinion. *Page 6 
 {¶ 11} In his first assignment of error, Woods argues the trial court erred when it failed to grant a continuance. In particular, Woods claims the State failed to respond to a written request for discovery in violation of Crim. R. 16. Therefore, the trial court abused its discretion when it failed to continue Woods' trial because of the discovery violation. This assignment of error lacks merit.
 {¶ 12} Violations of Crim. R. 16 by the State may result in reversible error only upon a showing that (1) the prosecution's failure to disclose was a willful violation of the rule, (2) foreknowledge of the information would have benefitted the accused in preparing a defense, and (3) the accused has suffered prejudice. State v. LaMar, 95 Ohio St.3d. 181, 2002-Ohio-2128.
 {¶ 13} Woods cannot establish prejudice as he has not alleged that the State's failure to respond to his request for discovery was a willful violation of the rule. Additionally, there is no evidence to indicate the result of trial would have been different had the State responded to the discovery request. The trial court conducted numerous pretrials where Woods had the opportunity to examine witnesses and the evidence prior to trial. Additionally, the State supplied a copy of the police report to defense counsel before trial commenced.
 {¶ 14} For the reasons stated above, Woods' first assignment of error is overruled.
 {¶ 15} In his second assignment of error, Woods argues his trial counsel rendered ineffective assistance. Specifically, Woods claims his trial counsel asked *Page 7 
the potential jury pool whether the defendant's prior convictions would prevent them from rendering an impartial verdict. This assignment of error lacks merit.
 {¶ 16} In order to prevail on a claim of ineffective assistance of counsel, Woods must show trial counsel's performance fell below an objective standard of reasonableness and such performance resulted in prejudice. State v. Morrow, Cuyahoga App. No. 79738, 2002-Ohio-5320;Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. "An essential element of an ineffective assistance of counsel claim is a showing that, but for trial counsel's alleged errors, there is a substantial probability that the outcome of trial would have been different." Morrow, supra.
 {¶ 17} Additionally, we note that a properly licensed attorney is presumed competent. State v. Adkins, Morrow App. No. CA-906, 2002-Ohio-3942. Reviewing courts must refrain from second-guessing strategical decisions and presume that counsel's performance falls within the wide range of reasonable legal assistance. Id. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning the trial strategy cannot form the basis of a finding of ineffective assistance of counsel." Id.
 {¶ 18} Woods claims that during his voir dire of the jury, defense counsel made reference to prior convictions, which otherwise would not have been admissible. However, taking into consideration the possibility that Wood's prior criminal history *Page 8 
could be admitted at trial if he testified, defense counsel acted appropriately in pursuing the subject during questioning of potential jurors. Therefore, the admission constituted reasonable trial strategy and not ineffective assistance. See, State v. Wogenstahl (Nov. 30, 1994), Hamilton App. No. C-930222; State v. Bell (1990),70 Ohio App.3d 765.
 {¶ 19} Woods' second assignment of error is overruled.
 {¶ 20} In his third assignment of error, Woods argues the State failed to support his conviction with sufficient evidence. In his fourth assignment of error, Woods argues his conviction is against the manifest weight of the evidence. Although these arguments involve different standards of review, we will consider them together because we find the evidence in the record applies equally to both.
 {¶ 21} The standard of review with regard to the sufficiency of the evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, as follows:
 "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 22} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held: *Page 9 
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
 {¶ 23} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'
 * * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and *Page 10 
determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387. (Internal citations omitted.)
 {¶ 24} However, this court should be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the State has proven the offense beyond a reasonable doubt.State v. DeHass (1967), 10 Ohio St.2d 230, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether the new trial is mandated. A reviewing court should only grant a new trial in the "exceptional case in which the evidence weighs heavily against a conviction." State v. Lindsey, 87 Ohio St.3d 479, 483,2000-Ohio-465. (Internal citation omitted.)
 {¶ 25} The jury found Woods guilty of possession of drugs, which, pursuant to R.C. 2925.11 provides as follows:
 "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 26} R.C. 2925.01(K) defines possession as "* * * having control over a thing or substance, but may not be inferred solely from mere access to the thing or *Page 11 
substance through ownership or occupation of the premises upon which the thing or substance is found." Possession can be actual or constructive.State v. Brown, Cuyahoga App. No. 87932, 2007-Ohio-527. Actual possession entails ownership or physical control, whereas constructive possession exists when an individual knowingly exercises dominion and control over an object, even though the object may not be within his or her immediate physical possession. Id.; State v. Hankerson (1982),70 Ohio St.2d 87.
 {¶ 27} The State may show constructive possession of drugs by circumstantial evidence alone. State v. Trembly (2000),137 Ohio App.3d 134. Circumstantial evidence is defined as "[t]estimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved. * * *" State v. Nicely (1988),39 Ohio St.3d 147, quoting Black's Law Dictionary (5 Ed. 1979) 221.
 {¶ 28} When looking at the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of drug possession proven beyond a reasonable doubt. Officer Sauterer recovered a rock of crack cocaine on the floor between the driver's seat and the passenger's seat of the vehicle Woods was driving. Additionally, Officer Smith recovered a rock of crack cocaine in the driver's side door by the window controls. Clearly the reasonable deduction drawn from this evidence is that the crack cocaine was within Woods' *Page 12 
constructive possession. Moreover, the parties stipulated to the lab reports detailing the positive drug result and the weight of the cocaine.
 {¶ 29} We therefore find that the State supported Woods' conviction for possession of drugs with sufficient evidence. We further find that Woods' conviction is not against the manifest weight of the evidence. Although Woods argues that the amount of crack cocaine recovered from the vehicle was "miniscule," this amount still tested positive for .15 grams of cocaine. This argument does in no way suggest that a manifest miscarriage of justice occurred.
 {¶ 30} Accordingly, Woods' third and fourth assignments of error are overruled.
 {¶ 31} The judgment of conviction is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 13 
JAMES J. SWEENEY, P.J., and SEAN C. GALLAGHER, J., CONCUR
 Appendix A
Assignments of Error:
 "I. The trial court abused its discretion when it failed to grant a continuance when the prosecutor never filed a written discovery response in violation of Criminal Rule 16 although defense made a discovery request as reflected in the docket.
 II. Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth amendments when counsel told the jury about Appellant's prior convictions when they otherwise would not have known about those since Appellant did not testify.
 III. The state failed to present sufficient evidence that Appellant committed this crime.
 IV. Appellant's conviction is against the manifest weight of the evidence." *Page 1