[Cite as *State v. Storey*, 2019-Ohio-3515.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107932 |
| v. | : | |
| ARTHUR STOREY, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED
IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:** August 29, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-622531-A and CR-18-627189-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Janna R. Steinruck, Assistant Prosecuting
Attorney, *for appellee.*

Stephen L. Miles, *for appellant.*

RAYMOND C. HEADEN, J.:

## I.     Statement of the Facts

{¶ 1} Appellant Arthur Storey ("Storey") appeals from the trial court's conviction, entered after guilty pleas, sentencing him to four years' incarceration.

Storey contends his counsel was ineffective and his pleas were not knowingly, voluntarily, or intelligently made in violation of Crim.R. 11. For the reasons that follow, we affirm in part, vacate in part, and remand to the trial court.

{¶ 2} On November 6, 2017, Storey was indicted in Cuyahoga C.P. No. CR-17-622531-A for burglarizing an elderly woman's home. On April 11, 2018, Storey was indicted in Cuyahoga C.P. No. CR-18-627189-A for breaking and entering and vandalizing a business. Storey pleaded not guilty to the indictments under CR-17-622531-A and CR-18-627189-A on March 28, 2018, and April 16, 2018, respectively.

{¶ 3} On June 25, 2018, Storey withdrew his previously entered not guilty plea under CR-17-622531-A and pleaded guilty to an amended Count 1 of burglary in violation of R.C. 2911.12(A)(1). In exchange for his guilty plea, the state agreed to remove the notice of prior conviction specification and repeat violent offender specification under R.C. 2941.149 and nolled Count 2. On the same date, Storey withdrew his previously entered not guilty plea under CR-18-627189-A and pleaded guilty to breaking and entering, in violation of R.C. 2911.13(A), Count 1, and to vandalism, in violation of R.C. 2909.05(B)(1)(a), Count 2. In exchange for his guilty pleas under CR-18-627189-A, the state nolled Counts 3, 4, and 5. The court accepted Storey's pleas and found him guilty. The court scheduled a sentencing hearing on August 13, 2018.

{¶ 4} During the sentencing hearing, the court imposed a four-year sentence — four years on CR-17-622531-A, amended Count 1, burglary, to be served

concurrently with two 12-month sentences on CR-18-627189-A, Count 1, breaking and entering, and Count 2, vandalism.

{¶ 5} Storey now appeals, raising two assignments of error for our review.

## II. Law and Analysis

### A. Ineffective Assistance of Counsel

{¶ 6} The Ohio Supreme Court has provided this standard for reviewing claims of ineffective assistance of counsel:

> Reversal of convictions for ineffective assistance of counsel requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

*State v. Linder*, 8th Dist. Cuyahoga No. 106600, 2018-Ohio-3951, ¶ 35, quoting *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, 767 N.E.2d 678, ¶ 109. To establish deficient performance, "a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation." (Citations omitted.) *State v. Bell*, 8th Dist. Cuyahoga No. 105000, 2017-Ohio-7168, ¶ 23. Further, prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

{¶ 7} The reviewing court should not, in hindsight, consider what may have been a more appropriate course of action by trial counsel. *Linder* at ¶ 37. Instead, a reviewing court "must be highly deferential." *Strickland* at 689. According to the *Strickland* court, a reviewing court "must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).

{¶ 8} In his first assignment of error, Storey argues that his counsel was ineffective for failing to request the case be transferred to either the mental health docket or inpatient drug treatment.

{¶ 9} Cases are eligible for the mental health docket where the accused has "a confirmed severe mental illness with a psychotic feature." Loc.R. 30.1 of the Court of Common Pleas of Cuyahoga County, General Division. A review of the record does not indicate that Storey has a confirmed severe mental illness with a psychotic feature.

{¶ 10} Additionally, the record shows Storey, rather than his defense counsel, informed the trial judge about his mental health. Storey stated he had a history of suicide — Storey tried to hang himself and the week before sentencing he also tried to kill himself "with his own arm." (Tr. 12.) Through his own statements, Storey informed the trial judge of the relevant information pertaining to his alleged mental status. A motion by defense counsel requesting a transfer of the case to the mental health docket would have simply reiterated these same facts. Whether Storey's case was transferred to the mental health docket was at the discretion of the trial judge. *State v. Jones*, 8th Dist. Cuyahoga No. 99703, 2014-Ohio-1634, ¶ 3. Absent evidence that Storey suffered from a confirmed severe mental illness with a

psychotic feature, his case was not eligible for such an assignment. Counsel's failure to file a motion to transfer Storey's case to the mental health docket does not fall below an objective standard of reasonable representation.

{¶ 11} Likewise, defense counsel did not exhibit ineffective assistance of counsel when he did not request Storey be referred to an inpatient drug treatment program. Storey told the court he believed that he had a drug habit and he desired to seek drug rehabilitation: "I have a drug habit. I begged these people to give me rehab. I begged them and begged, please give me rehab. Please put me in rehab. Prison [isn't] working evidently. Prison [is] not working. I begged these people to give me rehab. They don't want to give me rehab." (Tr. 11.) Storey subsequently commented:

> Four more years? Just finished 6 and 13, [not] including a year here, six months there. It's been all my life.
>
> I [am] tired of jail. I [am] sick of jail. I'm sick of jail. I'm sick of jail. All that I am asking is give me a chance. Give me a chance. Let me prove that I can do this on the street.
>
> Put me in the rehab. No. Everybody want[s] to send me to prison. I asked them, begged them to put me in rehab before my record got this bad. I begged. Please. I can't afford rehab myself. I begged them to put me in rehab. No. You [are] goin[g] to prison. You [are] goin[g] to prison. I don't know. I don't know.

(Tr. 12.) When the trial court judge agreed to send Storey for drug treatment in prison, Storey responded "I'm not goin[g]. Why would I do that in prison? It do[es]n't help me in prison. I'm in there with a bunch of drug addicts." (Tr. 15.)

{¶ 12} Through Storey's comments, the trial judge was presented with sufficient testimony to understand Storey wanted to be referred for drug treatment in lieu of prison. The trial judge stated he considered Storey's oral statements made during the sentencing hearing in determining an appropriate sentence. (Tr. 13-14.) Again, a motion made by defense counsel in support of inpatient drug treatment would have presented the same information that Storey relayed to the trial judge. It was in the trial judge's discretion to send Storey to drug treatment but he found a prison sentence appropriate. The record does not support a claim that defense counsel was ineffective.

{¶ 13} Assuming arguendo that the failure of Storey's counsel to file a motion to transfer the case to the mental health docket or inpatient drug treatment was deficient, Storey cannot establish that he was prejudiced by the alleged errors. The trial judge considered Storey's oral statements regarding his mental health and request for drug treatment but did not opt for a transfer to the mental health docket or inpatient drug treatment. Based upon the fact that Storey already provided the court with information regarding his mental health and his desire to receive drug treatment, Storey has not established how a motion by defense counsel requesting the same transfers would create a reasonable probability of a different outcome. *State v. Woods*, 8th Dist. Cuyahoga No. 88363, 2007-Ohio-2229, ¶ 16.

{¶ 14} Based on the foregoing, we cannot say Storey's defense counsel rendered ineffective assistance and we overrule Storey's first assignment of error.

## B. Crim.R. 11 Compliance

{¶ 15} In his second assignment of error, Storey contends his guilty pleas were not knowingly, intelligently, and voluntarily entered and, therefore, were invalid because they did not comply with Crim.R. 11. Specifically, Storey argues the trial court failed to identify the maximum penalties for all of the offenses on which he entered guilty pleas.

{¶ 16} The purpose of Crim.R. 11(C) is to provide the defendant with relevant information so that he can make a voluntary and intelligent decision whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981). In determining whether a guilty plea was entered knowingly, intelligently, and voluntarily, an appellate court analyzes the totality of the circumstances through a de novo review of the record. *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 7. The appellate court evaluates whether the trial court fulfilled the duties of Crim.R. 11(C)(2) to inform the defendant of the constitutional and nonconstitutional rights he waives when he enters a guilty plea.

{¶ 17} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Before accepting a guilty plea, the trial court must advise the defendant that his plea waives these constitutional rights: (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to

require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. *Id.* at ¶ 31.

{¶ 18} With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), trial courts must show only substantial compliance with the rule. *State v. Hill*, 8th Dist. Cuyahoga No. 106542, 2018-Ohio-4327, ¶ 8. "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). Even where a trial court errs in attempting to comply with Crim.R. 11(C)(2)(a), substantial compliance occurs if it appears from the record, despite the trial court's error, that the defendant understood the effect of his plea and the waiver of his rights. *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 15 (8th Dist.).

{¶ 19} In evaluating substantial compliance with the nonconstitutional requirements of Crim.R. 11(C)(2)(a), the court determines whether the trial court "partially complied" or "completely failed" to comply with the requirement. *Id.* at ¶ 16. Where partial compliance occurs, the plea may be vacated where the defendant shows a prejudicial effect. *Id.* A defendant establishes prejudice where he shows he would not have entered into the plea if the trial court had substantially complied with the requirements of Crim.R. 11(C). *State v. Moore*, 8th Dist. Cuyahoga No. 105240, 2017-Ohio-8483, ¶ 17. Where the trial court completely failed to comply, no analysis of prejudice is required, and the plea will be vacated. *Tutt* at ¶ 16.

{¶ 20} Storey argues his pleas under both criminal cases CR-17-622531-A and CR-18-627189-A do not comply with Crim.R. 11(C)(2) and are invalid. We will address each criminal case separately.

**Case No. CR-17-622531-A — Burglary**

{¶ 21} Under CR-17-622531-A, Storey pleaded guilty to burglary. Storey argues that the trial court violated his nonconstitutional rights when it did not explain the maximum penalties related to the offense of burglary. The state argues the trial court substantially complied with the Crim.R. 11(C)(2) requirements and, assuming arguendo substantial compliance was not met, there was no prejudicial effect to Storey. We agree with the state.

{¶ 22} When informing a defendant about nonconstitutional rights in compliance with Crim.R. 11(C)(2), "'the court may properly determine that the defendant understands those other matters from the totality of the circumstances, without informing him about them directly.'" *State v. Chandler*, 8th Dist. Cuyahoga Nos. 93664 and 93665, 2011-Ohio-590, ¶ 99, quoting *State v. Gibson*, 34 Ohio App.3d 146, 147, 517 N.E.2d 990 (8th Dist.1986), citing *State v. Rainey*, 3 Ohio App.3d 441, 442, 446 N.E.2d 188 (10th Dist.1982); *Stewart*, 51 Ohio St.2d 86 at 93, 364 N.E.2d 1163. The trial court must satisfy itself that the defendant knows the applicable maximum penalty involved. *Id.* The defendant may learn about the nonconstitutional rights, including the applicable maximum penalties, from the trial court or other sources such as the prosecutor or defense attorney. *State v. Crespo-Negron*, 8th Dist. Cuyahoga No. 107386, 2019-Ohio-1450, ¶ 21. If the prosecutor,

rather than the trial court, communicates in open the court the maximum penalty and the court confirms the defendant understood the prosecutor's statements, the court has substantially complied with Crim.R. 11(C)(2).

{¶ 23} At Storey's plea hearing, the prosecutor identified the plea agreement the parties had agreed to and stated the maximum penalty involved:

> In case number 622531, it's the State's understanding the defendant will be entering a change of plea and entering a guilty plea to an amended Count One of the indictment, amended to reflect the violation of 2911.12(A)(1), felony in the second degree, burglary, which is punishable by a possible term of incarceration of two to eight years and a maximum fine of $15,000.

(Tr. 3.) The court added that "in the event the Court were to sentence Mr. Storey to a term of imprisonment, he'd be subject to a mandatory period of post-release control * * *." (Tr. 4.) Mr. Storey indicated he understood all the information provided by the prosecutor and his counsel. The court then identified the constitutional rights Storey would waive when entering a guilty plea. At the conclusion of the hearing, the court found Storey knowingly, intelligently, and voluntarily made his plea and his counsel stated he was satisfied the court complied with Crim.R. 11.

{¶ 24} The trial court satisfied itself that based upon the totality of the circumstances, Storey subjectively understood the maximum penalty applicable and the rights he was waiving where (1) the prosecutor explained the plea agreement including the maximum penalty involved and (2) Storey responded to the court that he understood everything stated by the prosecutor and his attorney. Storey's plea to

the burglary offense under CR-17-622531-A was knowingly, intelligently, and voluntarily made and the court's acceptance of the plea was valid.

{¶ 25} Accordingly, Storey's second assignment of error is overruled as to the guilty plea for burglary charged in CR-17-622531-A.

**Case No. CR-18-627189-A — Breaking and Entering and Vandalism**

{¶ 26} Storey argues his guilty plea under CR-18-627189-A to the offenses of breaking and entering and vandalism was not knowingly, intelligently, or voluntarily provided because the court did not identify the maximum penalties associated with the offenses. The state conceded the court showed zero compliance with Crim.R. 11(C)(2)(a). Neither the court nor the prosecutor recited the maximum penalties involved with these offenses. A failure to inform the defendant about the maximum penalty involved is a failure to comply with Crim.R. 11(C)(2)(a). *Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, at ¶ 31 (8th Dist.). Under such a scenario, we do not analyze whether the defendant was prejudiced, or would not have otherwise entered the plea, but vacate the plea. *Id.* at ¶ 16.

{¶ 27} Because the record reflects Storey was unaware of the maximum penalty involved with his guilty pleas entered on breaking and entering and vandalism under CR-18-627189-A, we find Storey did not knowingly, intelligently, or voluntarily enter his pleas to those charges.

{¶ 28} Storey's second assignment of error is sustained as to his pleas for breaking and entering and vandalism charged in CR-18-627189-A.

**{¶ 29}** Accordingly, we vacate Storey's guilty pleas and reverse his convictions on breaking and entering and vandalism under CR-18-627189-A. Case is remanded to the trial court on the charges of breaking and entering and vandalism under CR-18-627189-A for further proceedings consistent with this opinion. Storey's conviction for burglary under CR-17-622531-A is affirmed.

**{¶ 30}** Judgment affirmed in part, vacated in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

MARY EILEEN KILBANE, A.J., and
LARRY A. JONES, SR., J., CONCUR